THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00132-MR-DLH

TRIBAL CASINO GAMING )
ENTERPRISE, )
 )
                Plaintiff, )
 )
                vs. )                **O R D E R**
 )
**W.G. YATES & SONS** )
**CONSTRUCTION COMPANY, et al.,** )
 )
                Defendants. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion to Confirm Arbitration Award and Enter Judgment [Doc. 46].

By the present motion, the Plaintiff Tribal Casino Gaming Enterprise ("TCGE"), seeks confirmation of an arbitration award issued in its favor against the sole remaining Defendant, Metromont Corporation ("Metromont").[1] [Doc. 46].

From October 10, 2017, to October 27, 2017, the parties conducted an arbitration hearing before an arbitration panel appointed in accordance with

---

[1] This Court previously found, over Metromont's objection, that a valid agreement to arbitrate existed between the parties and that this dispute was the type of dispute which the parties agreed to have decided by binding arbitration. [Doc. 37].

the arbitration provision of the parties' contract. The arbitration panel rejected all claims associated with one of the two structures in issue, referred to by the parties as the "Hotel Deck", which is the subject of a companion case, 1:16-cv-00030-MR-DLH. Prior to an award being entered by the arbitration panel, TCGE reported to the arbitration panel that the amount of its settlement with W.G. Yates & Sons Construction Company and Rentenbach Constructors Incorporated (collectively, "Yates/Rentenbach") attributable to the claims set forth in this action regarding the "Casino Deck" was $150,000.00.

Following the arbitration hearing, the arbitration panel delivered its Decision and Award (the "Award") to the parties on December 14, 2017, which, among other things, awarded the sum of $3,700,000.00 to TCGE from Metromont, less the amount of the settlement between TCGE and Yates/Rentenbach attributable to the claims concerning the Casino Deck, plus interest from April 15, 2016, until paid. [Doc. 46-2].

Metromont filed a Motion to Vacate the Award on January 13, 2018. [Doc. 42]. Metromont, however, withdrew that motion six days later. [Doc. 45]. Prior to the withdrawal of the Motion to Vacate, on January 17, 2018, Metromont paid and satisfied the Award in full, including all accrued interest.

The parties agree that TCGE is not entitled to any additional interest or other relief in connection with the Award.

On February 15, 2018, TCGE filed the present Motion to Confirm Arbitration Award and Enter Judgment. [Doc. 46]. Metromont filed a Response, arguing that while Metromont did not object to confirmation of the Award, the entry of Judgment is not necessary because the Award already has been paid. Accordingly, Metromont asks this Court to confirm the Award but then dismiss this action. [Doc. 48].

The Federal Arbitration Act ("the Act") provides, in pertinent part, as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order….

9 U.S.C. § 9. The Act further provides that the judgment must be docketed as if it had been rendered in an action. 9 U.S.C. § 13. The Act simply does not allow for the procedure advocated by Metromont with regards to confirmation and dismissal of the underlying Award. Nor is there any legal or contractual basis warranting a dismissal of the Plaintiff's action. Rather, the proper procedure is for the Court to confirm the Award and docket the

3

same as a judgment of the Court. Upon entry of the Judgment, the Plaintiff shall file a Satisfaction of Judgment acknowledging that the Award has been paid.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Confirm Arbitration Award [Doc. 46] is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Award is hereby **CONFIRMED**, and Judgment is hereby entered against the Defendant Metromont Corporation and in favor of the Plaintiff in the amount of Three Million Seven Hundred Thousand Dollars ($3,700,000.00), less a credit in the amount of One Hundred Fifty Thousand Dollars ($150,000.00), the amount paid by Yates/Rentenbach in settlement of the Plaintiff's claims for damages relating to the Casino Deck, together with interest on the net principal amount at the applicable legal rate of eight percent (8%) from April 15, 2016, until January 17, 2018, the date that the Award was satisfied.

**IT IS FURTHER ORDERED** that the Plaintiff shall file a Satisfaction of Judgment acknowledging that the Award has been paid within seven (7) days of the entry of this Order.

The Clerk of Court is respectfully directed to prepare and enter a Judgment in accordance with this Order.

**IT IS SO ORDERED.** Signed: April 18, 2018

Martin Reidinger
United States District Judge